In the Matter of **MAGNUS HARMONICA CORPORATION,** Debtor.

**Samuel S. Salitan, David Little, Philip Gustin, Irving Jacobs, Leo B. Levin, Renee Kendell Dann, Jerome Kendell, Allen Kendell, Edward Bottner and M. Fred Hirsch, Trading as Credit Industrial Company, a Limited Partnership, Appellants.**

**No. 11902.**

United States Court of Appeals
Third Circuit.

Argued Sept. 28, 1956.
Decided Oct. 31, 1956.

, Harry A. Margolis, Newark, N. J. (Max L. Rosenstein, Newark, N. J., on the brief), for appellants.

Israel B. Greene, Newark, N. J., for appellee.

Before BIGGS, Chief Judge, and GOODRICH and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from an order of a district court in bankruptcy which enjoined a suit in a state court by a creditor of the bankrupt against two persons who had undertaken to guarantee the bankrupt corporation's debt to the creditor. The case was before us some months ago on a petition to stay the application of the injunction pending the appeal. This stay we granted with an opinion which discussed much of the merits of the case. 3 Cir., 1956, 233 F.2d 803.

Our only question on this appeal is whether the injunction was one which was necessary to protect the jurisdiction of the bankruptcy court. Otherwise it falls under the interdict which prevents federal courts from enjoining proceedings in state tribunals. 28 U.S.C. § 2283 (1952), provides:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

It is to be noted that the persons against whom the suit in the New Jersey state court is pending are sued upon their individual contract of guaranty. The language of this guaranty is broad. It states that the parties consent: "that their liability hereunder is direct and unconditional, and may be enforced without requiring Second Party [the creditor who is plaintiff in the state court suit] first to resort to any other right, remedy or security." The two individuals sued are the president and secretary as well as the principal shareholders of the bankrupt corporation but the identity of individuals and corporation is of course separate. We take it that their obligation is one in the nature of suretyship. But we do not need to decide what effect, if any, under suretyship law their consent to be sued directly without resorting first to the principal debtor may have. That question, if it is a question, is one to be decided in the state court suit.

Do the undoubted rules of law as between the principal debtor and surety affect the control of the bankrupt estate which is in the charge of the District Court of New Jersey? We do not think so. Counsel for the Magnuses make much of the fact that a surety has a right both under the law of New Jersey and generally to be exonerated by the principal debtor before he pays the creditor and to subrogation to the creditor's rights after he pays. Exoneration, it is said, is an equitable right which the surety has against the principal debtor to compel the latter to shoulder the obligation instead of foisting it on the surety. We need not decide whether there is any procedure in the bankruptcy court by which the Magnuses can force the estate to exonerate them pro rata. If not, that is one of the unfortunate consequences of guaranteeing the debt of one who goes bankrupt. Assuming arguendo that the equity of exoneration cannot be enforced, and that to enjoin the state suit would protect the sureties, it does not follow that an injunction is necessary to protect the jurisdiction of the bankruptcy court.

The right of subrogation for a surety who pays the principal's debt is taken care of by the bankruptcy statute. Section 63, 11 U.S.C.A. § 103, is the one which deals generally with provable claims. So far as the claims of sureties, guarantors and other secondary debtors are concerned, section 57, sub. i, 11 U.S.C.A. § 93, sub. i, controls. That section provides:

"Whenever a creditor whose claim against a bankrupt estate is secured

by the individual undertaking of any person fails to prove and file such claim, such person may do so in the creditor's name and, if he discharge such undertaking in whole or in part, he shall be subrogated to that extent to the rights of the creditor."

This provision is supplemented by General Order 21(4), 11 U.S.C.A. following section 53, which reads:

"The claims of persons contingently liable for the bankrupt or debtor may be proved in the name of the creditor when known by the party contingently liable. When the name of the creditor is unknown, such claim may be proved in the name of the party contingently liable; but no dividend shall be paid upon such claim, except upon satisfactory proof that it will diminish pro tanto the original debt."

The effect of section 57, sub. i upon the general provisions of section 63 is discussed in 3 Collier on Bankruptcy, 284 et seq. (14th ed. 1941).

The creditor in this case has already filed his claim. That claim is secured and the creditor claims the benefit of the security. So the surety does not need and cannot file a claim directly in bankruptcy court under this section but if the surety pays and has a right of subrogation, as Collier says, "there is probably no objection to the surety's calling the bankruptcy court's attention to the fact that he discharged the claim in full and has thereby been subrogated to the original creditor, if the latter omits this statement in his proof of claim." Id. at 290.

This quoted section is the statutory limitation upon the surety's proof of claim in the bankruptcy court. But that court, nevertheless, has full control over all the assets of the bankrupt. That control is unaffected by whatever goes on outside the bankruptcy court in litigation between one of the bankrupt's creditors and a party who has independent liability on one of the bankrupt's contracts. The bankruptcy court's jurisdiction is exclusive, and nobody doubts it. We do not see how it is protected or preserved by forbidding the lawsuit above described.

If the creditor wins the state suit against the Magnuses, the result may well be very hard on them. They may find themselves having to satisfy their obligation to make good the corporation's indebtedness and not being able, because of the latter's insolvency, to be fully repaid. But that risk is just what was bargained for, assuming that the agreement was a valid contract. Whatever it was is not our question to decide here.

The judgment of the district court will be reversed.