SAMUEL S. SALITAN, *ET AL.,* T/A CREDIT INDUSTRIAL COMPANY, PLAINTIFFS-RESPONDENTS, v. FINN H. MAGNUS AND ELSIE A. MAGNUS, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued December 2, 1957—Decided December 24, 1957.

Before Judges CLAPP, JAYNE and SCHETTINO.

*Mr. Harry A. Margolis* argued the cause for plaintiffs-respondents (*Mr. Max L. Rosenstein,* attorney; *Mrs. Frances S. Margolis,* on the brief).

*Mr. Murry Brochin* argued the cause for defendants-appellants (*Mr. Israel B. Greene,* attorney).

The opinion of the court was delivered by

CLAPP, S. J. A. D. Defendants applied to the Superior Court, Law Division, for leave to join Magnus Harmonica Corporation, a bankrupt, and Andrew B. Crummy, Esq., its trustee in bankruptcy, as third-party defendants to this action, and to serve upon them a third-party complaint. In 1956 the referee in bankruptcy had authorized their joinder. However, the Law Division denied the application. We then granted leave to appeal.

The action is brought by the plaintiffs upon a guaranty executed by defendants in plaintiffs' favor, guarantying the payment of obligations of the Magnus Harmonica Corporation, including those arising under a factoring agreement and two chattel mortgages made by the corporation. Subsequent to the commencement of the action, the bankrupt's assets pledged pursuant to the factoring agreement and the chattel mortgages have been liquidated by the trustee in bankruptcy, and the proceeds thereof applied by him to the guarantied obligations, with the result that at the time of the oral argument before us plaintiffs conceded that these obligations had all been paid off, except $29,000 approximately, which they claim is still owing. The $29,000 comprises two items: about $23,000 in interest upon these obligations for the period from December 15, 1955 (the date of the filing of the petition for reorganization of the Harmonica Corporation) to the date when the trustee in bankruptcy paid the obligations; and about $6,000 in attorneys' fees, due plaintiffs allegedly under the terms of the chattel mortgages (or perhaps under the terms of the factoring agreement) in the event of a default. The proceeds of the pledged assets remaining in the trustee's hands exceed the amount needed to pay these items. However, in May 1957 the referee entered an order holding that the trustee was not liable to the plaintiffs on these claims because of certain inequities which need not be stated here. A petition to

review the referee's order is now pending before the Federal District Court, but we dispose of the case on the basis of his determination.

 The law leaves it largely to the discretion of the trial court whether to grant or deny a motion for leave to proceed against third-party defendants. *Reinhardt v. Passaic-Clifton Nat. Bank & Trust Co.,* 16 *N. J. Super.* 430, 438 (*App. Div.* 1951), affirmed 9 *N. J.* 607 (1952) ; *Bray v. Gross,* 16 *N. J.* 382, 386 (1954) ; 3 *Moore, Federal Practice* (*2d ed.*), § 14.05 ; *Schnitzer and Wildstein, N. J. Rules Service* Λ IV–354 (1954) ; *cf.* last sentence of *R. R.* 4 :37–3. Was there a clear misuse of discretion here ?

Defendants seek through their third-party complaint to secure exoneration from the trustee in bankruptcy and the Harmonica Corporation. That is, they seek thereby, as stated in their brief, "to require the principal debtor to pay his debt *before* the surety himself has paid" (the emphasis is that of the defendants)—in other words, to compel the creditor to resort first to the principal debtor for the collection of the debt. See *Keer v. New Jersey Title Guarantee & Trust Co.,* 115 *N. J. Eq.* 388 (*Ch.* 1934) ; *Stulz-Sickles Co. v. Fredburn Const. Corp.,* 114 *N. J. Eq.* 475, 478 (*Ch.* 1933) ; *Restatement, Security* § 112 (1941). This not uncommonly is an incident of a guaranty of payment. As to the conditions under which exoneration is granted, see *Binns v. Baumgartner,* 105 *N. J. Eq.* 58 (*Ch.* 1929) ; *cf. Philadelphia and Reading R. Co. v. Little,* 41 *N. J. Eq.* 519, 529 (*E. & A.* 1886) ; *Irick v. Black and Lippincott,* 17 *N. J. Eq.* 189, 195 (*Ch.* 1864).

However, we find, upon a study of the guaranty before us, that the defendants thereby expressly agreed:

"that their liability hereunder is direct and unconditional, *and may be enforced without requiring [plaintiffs] to resort to any other right, remedy or security.*" (Emphasis added)

It might be said, with some force, that by this provision in the guaranty the defendants have not only indicated an intention to make this a guaranty of payment, and not a

guaranty of collection, but they have also expressly waived their right of exoneration. The point has not been mentioned in the briefs, and we therefore do not decide it. As to the validity of such a waiver, cf. *Midland Banking Co. v. Chambers, L. R.* 4 *Ch.* 398, 400 (*Ct. App.* 1869).

Moreover, even if the above clause of the guaranty does not constitute an absolute waiver of the right of exoneration, still it does raise another problem. It must be apparent that the injection into the suit of this third-party action will hold up the plaintiffs' recovery until after the court has disposed of a question which concerns only the defendants and the trustee. The question is this: can the defendants require the trustee to exonerate the plaintiffs with respect to these claims totalling $29,000, despite the fact that the bankruptcy court, invested, as it is, with a certain exclusive jurisdiction (*In re Magnus Harmonica Corp.*, 237 *F.* 2d 867, 869 (3 *Cir.* 1956)), has held him not liable on those claims? The issue thus presented is whether such a delay of the plaintiffs' cause would not violate the underlying intentions of the parties, implicit in the above-stated clause of the guaranty, to provide a direct unimpeded right against the sureties. This again is a point, not briefed, which we should not decide.

In any event, even though we do not decide the two points mentioned, nevertheless, having in mind the terms of the guaranty above quoted and the dubiousness of defendants' right to third-party relief in view of those very points, we cannot say that in denying such relief the trial court clearly erred in the exercise of its discretion.

One more point should be noted. It was stipulated on behalf of the plaintiffs on the oral argument that they would make no attempt to recover on any judgment obtained against defendants in the present action until after their claims against the trustee totalling $29,000 are finally determined in the federal courts, and then only to the extent that the determination there is adverse.

Affirmed.