**In re Roy Lawson SHELOR, Jr., Debtor.**
**No. 74-412.**
United States District Court,
W. D. Virginia,
Roanoke Division.
April 8, 1975.

Wilbur L. Hazlegrove, Roanoke, Va., for Beneficial Finance Company of Roanoke, Inc.

Leroy Moran, Roanoke, Va., for Ernest L. Light, trustee for Roy Lawson Shelor, Jr., debtor.

## MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

This case is before the court pursuant to the appeal of Beneficial Finance Company of Roanoke, Inc. ("Beneficial") from the opinion and order of the Bankruptcy Court dated November 25, 1974. The Trustee of the bankrupt estate of Roy Shelor, Jr. ("bankrupt") also initially appealed the decision of the Bankruptcy Court but has now abandoned this appeal.

The pertinent facts have been stipulated by the parties. On November 18, 1973, Beneficial loaned the bankrupt $1,-348.50 and accepted a negotiable note from the bankrupt which was signed by his wife and mother as co-makers. On May 22, 1974, the bankrupt filed a petition in the Bankruptcy Court for relief under Chapter XIII of the Bankruptcy Act, 11 U.S.C. § 1001 et seq.,

(Wage Earners' Plans). At that time, the note had an unpaid balance of $920.-21 and was secured by the bankrupt's personal property. The bankrupt's creditors including Beneficial received notice of the bankruptcy proceeding, and the first meeting of creditors was held on July 16, 1974. Beneficial appeared at this first meeting but did not participate or accept the wage earner's plan. By order of the Bankruptcy Judge, dated July 16, 1974, the bankrupt's plan was confirmed and all creditors were prohibited from proceeding against the bankrupt or an endorser or co-maker without first obtaining approval of the Bankruptcy Court.

Thereafter, Beneficial made demand on the bankrupt's mother for payment of the note. Counsel for the Trustee wrote to the Credit Manager for Beneficial enclosing a copy of the July 16, 1974 Order of the Bankruptcy Court and advising him that this order required approval of the Bankruptcy Court before proceeding against an endorser. No reply to this letter was received, and on September 30, 1974 a civil warrant was issued in the Salem General District Court by Beneficial against the bankrupt's mother for the unpaid balance on the note.

On October 4, 1974, the Bankruptcy Judge ordered that Beneficial appear before the Bankruptcy Court to show cause why it should not be held in contempt for violating the July 16, 1974 order. Meanwhile, the proceedings in the Salem General District Court were continued. The show cause hearing was held on November 6, 1974 and testimony was received from the bankrupt, his mother and the Credit Manager from Beneficial. The evidence revealed that at the time the action was commenced in the Salem General District Court against the bankrupt's mother by Beneficial's Credit Manager, he had received the July 16, 1974 Order of the Bankruptcy Court and the letter from counsel for the Trustee. In proceeding as he did, the Credit Manager relied upon a company manual which advised that bankruptcy proceedings did not bar actions against endorsers or co-makers of notes who were not parties to the bankruptcy proceedings. He did not rely on advice from counsel or his superiors.

In his opinion and order, the Bankruptcy Judge concluded that the explanation offered by the Credit Manager was sufficient to purge Beneficial of contempt but ordered that Beneficial bear the costs of the witness fees to be paid to the bankrupt and his mother for their attendance at the hearing. The Bankruptcy Judge further held that the bankrupt's mother was a *bona fide* co-maker of the note; that Beneficial was permitted to effect recovery from her on the note; that Beneficial was prohibited from participating in or receiving payments through the bankruptcy proceeding because of its election to proceed against the bankrupt's mother; and that the bankrupt's mother would be subrogated to the rights of Beneficial in the bankruptcy proceeding. Although as of the date of the opinion and order of the Bankruptcy Judge, the co-maker had not made any payments on the note, the Trustee has informed this court the debt to Beneficial has now been paid in full by the co-maker.

■ Beneficial here contends that the Bankruptcy Court was without jurisdiction to prohibit it from proceeding against the co-maker of the note and thus could not enforce its order by contempt proceedings. Beneficial further challenges the authority of the Bankruptcy Judge to assess the witness attendance fees against it and to prohibit it from participating in the bankruptcy because of its election to proceed against the co-maker of the note.

In Reed v. General Finance Company of Norfolk, 394 F.2d 509 (4th Cir. 1968) (per curiam) the court affirmed the denial of a restraining order which would have prevented garnishment proceedings against the wife of a Chapter XIII wage earner on account of the joint debt of the wage earner and his wife. The court noted that the garnishment would "seriously affect the operation of the debtor's

extension plan" but agreed that the creditor's action against her could not be restrained because she had not filed a petition under Chapter XIII and was thus not a party to the proceedings. The decision in *Reed* is dispositive of the present case so far as limiting the authority of the Bankruptcy Court in enjoining Beneficial from prosecuting an action against the co-maker of the note. The suit against the bankrupt's mother did not directly involve the bankrupt, his property or his wages and earnings and was thus not subject to restraint by the Bankruptcy Court.[1] *Accord,* In Re Magnus Harmonica Corp., 237 F.2d 867 (3d Cir. 1956). *See also* Hallenbeck v. Penn Mutual Life Insurance Co., 323 F.2d 566 (4th Cir. 1963).

■ However, in concluding that Beneficial could not be enjoined from proceeding against a co-maker, this court does not condone the action of its Credit Manager in ignoring the order of the Bankruptcy Court. Section 657 of the Bankruptcy Act, 11 U.S.C. § 1057 provides:

> "Upon confirmation of a plan, the plan and its provisions shall be binding on the debtor and upon all creditors of the debtor, whether or not they are affected by the plan or have accepted it or have filed their claims, and whether or not their claims have been scheduled or allowed or are allowable."

Thus Beneficial as a creditor of the bankrupt was bound by the plan including the disputed portion requiring approval of the Bankruptcy Court be-

fore proceeding against a co-maker of a note. The appropriate means for challenging this provision was by timely objection to the Bankruptcy Judge or this court. CF. In Re Hawks, 471 F.2d 305 (4th Cir. 1973).

■ Since the Bankruptcy Judge purged Beneficial of contempt and the Trustee has abandoned his appeal from this portion of the order, the court need not decide whether contempt would have been appropriate in the circumstances of this case. However, the Bankruptcy Judge was acting within his authority in ordering the proceeding for Beneficial to show cause why it should not be held in contempt, Bankruptcy Rule 920; § 658 of the Bankruptcy Act, 11 U.S.C. § 1058, and the assessment of fees at such hearing was within the discretion of the Bankruptcy Court, § 2(a)(18) of the Bankruptcy Act, 11 U.S.C. § 11(a) (18).[2]

■ Beneficial has also raised the issue of whether the Bankruptcy Judge was correct in enjoining it fom participation in the wage earner's plan because of its election to proceed against the co-maker of the note. Since the note has now been paid by the co-maker, the co-maker is subrogated to Beneficial's rights and the order of the Bankruptcy Court is correct. However, at the time the order was entered there had been no recovery from the co-maker by Beneficial and the injunction preventing Beneficial from participating in the wage earner's plan was premature. Until the co-maker had satisfied her secondary liability, she was not subrogated to Beneficial's rights under the plan, and in the absence of an

1. Section 611 of the Bankruptcy Act, 11 U.S.C. § 1011 sets forth the jurisdiction of the Bankruptcy Court under Chapter XIII:

"Where not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and his property, wherever located, and of his earnings and wages during the period of consummation of the plan."

2. Section 2(a)(18) of the Bankruptcy Act, 11 U.S.C. § 11(a)(18) provides:

"The courts of the United States herein before defined as courts of bankruptcy are

hereby created courts of bankruptcy and are hereby invested, within their respective territorial limits as now established or as they may be hereafter changed, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this title, in vacation, in chambers, and during their respective terms, as they are now or may be hereafter held, to—

.    .    .    .    .    .    .

(18) Tax costs and render judgments therefore against the unsuccessful party, against the successful party for cause, in part against each of the parties, and against estates, in proceedings under this title;"

agreement limiting its rights, Beneficial could simultaneously file a claim in the bankruptcy proceedings and pursue its claim against co-obligors.[3] *See* Schraer v. G. A. C. Finance Corporation, 408 F.2d 891 (6th Cir. 1969); In Re Lancaster, 38 F.Supp. 891 (6th Cir. 1969). In order to prevent double recovery on the note and achieve the orderly administration of the bankruptcy proceedings in situations such as this, the Bankruptcy Court could simply require that creditors notify the court of their efforts to recover from secondarily liable parties and any payments received. Such a requirement could be included in the order confirming the wage earner's plan without affecting the rights of creditors against their parties or hindering the orderly administration of the plan.

For the reasons stated, the Order of the Bankruptcy Court is affirmed and the case is remanded to that court.

---

3. This conclusion is implicit in Bankruptcy Rule 304 which recognizes that a creditor of the bankrupt and a co-obligor may both pursue their claims in the Bankruptcy Court:

"A person who is or may be liable with the bankrupt, may, if the creditor fails to file his claim on or before the first date set for the first meeting of creditors, file a proof of claim pursuant to Rule 302 in the name of the creditor, if known, or, if unknown, in his own name. No distribution shall be made on the claim except on satisfactory proof that the original debt will be diminished by the amount of the distribution. The creditor may nonetheless file a proof of claim pursuant to Rule 302, and such proof of claim shall supercede the proof of claim filed pursuant to the first sentence of this rule."