In re Thomas Carl OUTKA Soc. Sec. # 504–60–6307, Debtor.

Thomas Carl OUTKA, Plaintiff,

v.

F & F COLLECTIONS, INC., Defendant.

Bankruptcy No. BK78–40174.

United States Bankruptcy Court, D. South Dakota.

Feb. 6, 1980.

J. Bruce Blake, Sioux Falls, S.D., for plaintiff.

Edwin E. Evans, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S.D., for defendant.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

This case is before the Bankruptcy Court pursuant to a Complaint filed under the old Bankruptcy Act by the Debtor against a collection agency, assignee of a bank holding Plaintiff-Debtor's and his co-debtor's promissory note. The Bankruptcy Court, having reviewed the briefs, orders that the Complaint be dismissed for the reason that this Court lacks jurisdiction.

On April 14, 1978, the First National Bank lent Debtor the sum of $3,000.00 and received in return a promissory note signed by Debtor and Joan Kay Boehnke, co-debtor. Debtor filed a Petition for relief under Chapter XIII of the Bankruptcy Act, 11 U.S.C. Section 1001, etc., and a Plan on July 11, 1978. Debtor included in the Petition, under Schedule A–3, the following debt: FIRST NATIONAL BANK, 100 South Phillips, Sioux Falls, SD 57102, and JOANIE BOEHNKE, 1310 South 10th, Sioux Falls, SD 57105, Promissory Note.

On July 24, 1978, the First National Bank filed its Proof of Claim rejecting, in Paragraph 12, the Debtor's Plan. Following the First Meeting of Creditors on August 2, 1978, the Debtor's Plan was confirmed without modification. Article 4 of the Confirmed Plan provided that, "If the creditors accept Plan and same is confirmed by the Court, as long as Plan is not in default, creditors agree not to also collect payment from co-debtor."

The First National Bank assigned the promissory note to Defendant on August

16, 1978. Defendant filed suit against co-debtor for payment of the note. Debtor filed the aforementioned Complaint, alleging that the Confirmed Chapter XIII Plan precluded any state court action against Joan Boehnke on the note.

Counsel for the parties presented several issues to this Court, including the issue presented by Debtor's counsel of whether an assignee of a creditor is prevented by the doctrine of res judicata from suing a co-debtor in state court on a promissory note when the confirmed plan, which assignor rejected at the time it filed its proof of claim, provided that if creditors accepted the plan, then, as long as the plan was not in default, creditors agreed not to also collect payment from co-debtor. Before the Bankruptcy Court can consider the issue of res judicata presented by Plaintiff, this Court must decide whether the Bankruptcy Court has jurisdiction over the matter in question.

Section 611 of the Bankruptcy Act, 11 U.S.C. Section 1011, sets forth the jurisdiction of the Bankruptcy Court under Chapter XIII. It provides as follows:

> "Where not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and his property, wherever located, and of his earnings and wages during the period of consummation of the plan."

*In re Shelor*, 391 F.Supp. 384 (W.D.Va. 1975), interpreted Section 611 of the Bankruptcy Act and is dispositive on the issue of whether this Court has jurisdiction. In *Shelor*, the District Court held that a creditor's suit against a co-maker of a note was not subject to restraint by the Bankruptcy Court even where the confirmed Chapter XIII Plan required the creditors to seek approval of the Bankruptcy Court before proceeding. The Court, citing Section 611 of the Bankruptcy Act, noted that the suit "did not directly involve the bankrupt, his property or his wages and earnings and was thus not subject to restraint by the Bankruptcy Court.".

In relying on Section 611 of the Bankruptcy Act and *In re Shelor*, this Court finds that it must dismiss Debtor's Complaint for lack of jurisdiction. The Court lacks jurisdiction to decide a Complaint where the Debtor or his property are not involved.

However, even were this Court entitled to assume jurisdiction, under *Schraer v. G.A.C. Finance Corporation*, 408 F.2d 891 (6th Cir. 1969), Defendant would be free to pursue the co-debtor.

In *Schraer*, the Court of Appeals for the Sixth Circuit held that a creditor was restrained from proceeding against a co-signer of a note where that creditor had specifically adopted a plan containing a provision that prohibited creditors from pursuing co-debtors as long as the plan was not in default. The Court determined that such a provision is not inconsistent with a Chapter XIII Wage Earner Plan under 11 U.S.C. Section 1046(7). The Court, however, went on to say that, "while it is clear that he (referring to creditor) is bound by the adoption of a plan by a proper majority of the unsecured creditors and is entitled to receive dividends thereunder, that is not to say that his rights are in any way altered by the inclusion in the plan of a prohibition against pursuing co-debtors.". Further in *Schraer*, the Court states that, "The creditor who is unwilling to look only to the Wage Earner Plan for payment need only reject or ignore the invitation to accept it in order to retain his rights against co-signers or co-makers.".

The First National Bank rejected Debtor's Plan when it filed its Proof of Claim. Under *Schraer*, the First National Bank and its assignee, Defendant, are free to pursue the co-debtor in state court.

During the pendency of this suit, the Debtor was in a serious automobile accident which resulted in a modification of the Debtor's Plan. To prevent the creditor from proceeding against the co-debtor would be to allow the co-debtor to escape indefinitely the obligation she willingly entered.

For the aforementioned reasons, the Bankruptcy Court orders Debtor's Complaint dismissed.

The Defendant's counsel shall submit Findings, Conclusions and Judgment consistent with the foregoing.