## MEMORANDUM AND ORDER

JOHN W. POTTER, District Judge:

This matter is before the Court on appellant's brief in support of her appeal from an order of the Bankruptcy Court and appellee's response thereto. Appellee has also filed a motion for a temporary restraining order and preliminary injunction pending resolution of the issue raised by appellant's appeal.

In re Robert A. JONES, Sr., Debtor.

Robert A. JONES, Sr., Plaintiff-Appellee,

v.

Florence JONES, Defendant-Appellant.

No. C 83–351.

United States District Court, N.D. Ohio, W.D.

Aug. 17, 1983.

Appellee filed a petition in bankruptcy on July 28, 1982. In his petition for bankruptcy, appellee listed as an unsecured creditor appellant who is his ex-wife. This debt is listed as being incurred in a property settlement. The Bankruptcy Court sent appellant notice that fixed December 2, 1983 as the last date for a creditor to object to discharge. Appellant failed to raise the dischargeability issue of the debt appellee owed to her prior to this date. Appellee received a discharge in bankruptcy including the debt owed to appellant on December 13, 1982. On December 17, 1982 appellant filed a motion for contempt in the Common Pleas Court of Allen County, Ohio against appellee for the non-payment of the debt owed to her by appellee which appellee had listed in his bankruptcy petition. The Bankruptcy Court found that the filing

of the contempt motion violated its discharge order filed December 13, 1983. The Bankruptcy Court then ordered appellant not to continue her action in Common Pleas Court and not to take any action which would violate the injunction imposed by appellee's discharge. Appellant raises the following issue on appeal:

The issue involved in this appeal is whether the bankruptcy court erred in holding that the defendant Florence Jones, who is the ex-wife of the plaintiff, must have affirmatively filed an adversary proceeding in the bankruptcy court during the pendency of the plaintiff's bankruptcy proceedings in order to determine the dischargeability of an alleged debt for alimony and spousal support before the discharge was granted in the plaintiff's bankruptcy proceedings, or else be held in contempt of the bankruptcy court for now attempting to raise the issue in a post-divorce proceeding in a State of Ohio domestic relations court in violation of Section 362 of the Bankruptcy Code and the order of discharge granted to the plaintiff.

 The Bankruptcy Court acted within its authority in enjoining the proceedings in the Allen County Court of Common Pleas. As is stated in *In re Kaping*, 13 B.R. 621 (Bkrtcy.D.Or.1981) at 622:

In general a bankruptcy court has the power and obligation to effectuate its own lawful orders and to prevent circumscription of those orders. 11 U.S.C. § 105(a). Thus a bankruptcy court may take steps to protect the debtor from efforts of others to interfere with the debtor's rights provided by his discharge in bankruptcy. *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934); *Beneficial Loan Co. v. Noble*, 129 F.2d 425 (CA 10th 1942). The discharge itself contains an injunction to prevent creditors holding claims which have been discharged from taking further action to collect such claims. 11 U.S.C. § 524(a)(2). Violation of this injunction may result in, among other remedies, punishment for contempt. *In re*

*Shelor*, 391 F.Supp. 384 (W.D.V.1975); 3 Collier on Bankruptcy 15th Ed., § 524.01.

This Court finds no merit to appellant's argument that requiring appellant to affirmatively file an adversary proceeding in the Bankruptcy Court places an unfair burden on appellant. As appellee points out, appellant received notice of the filing of the bankruptcy petition and had almost four months in which to take some affirmative action, but failed to do so.

Having found no error in the Bankruptcy Court's order, this Court finds that appellee's motion for a temporary restraining order and a preliminary injunction are moot and will deny these motions.

THEREFORE, for the above stated reasons, good cause appearing, it is

ORDERED that the judgment entry of the Bankruptcy Court filed March 8, 1983 be, and hereby is, AFFIRMED; and it is

FURTHER ORDERED that appellee's motion for a temporary restraining order and preliminary injunction be, and it hereby is, DENIED.