[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE APPLICATION FOR RULE TO SHOW CAUSE AND MOTION TO REOPEN JUDGMENT
CT Page 9884
This motion dated December 14, 1999 was brought by the defendant and argued on May 12, 2000. The motion addresses two issues. The first is to reopen and modify the judgment as to child support. That issue has been resolved through a stipulation signed by the parties and their respective counsel dated May 12, 2000. The stipulation had been reviewed and approved by the court on that same date.
The second issue raises the question as to whether a property settlement has been properly discharged in a bankruptcy proceeding.
By way of background, this matter started in the Judicial District of New Haven on October 19, 1991. At that time, the complaint stated that the parties were married on December 16, 1978, and that there had been two minor children issue of the marriage. The complaint requested, in part, a dissolution of the marriage, custody and support of the minor children, alimony, and an equitable division of the real and personal property of the parties. Both parties appeared through counsel and a number of orders entered pending the final judgment. On March 10, 1993, a document entitled "Stipulated Agreement" was filed with the court. That document was incorporated in the judgment that date dissolving the marriage of the parties. Among other things, that stipulated agreement provides for orders with respect to custody, visitation, child support and medical benefits of the minor children. In addition, it provides that each party is to pay the other the sum of $1.00 a year as alimony for three years from the date of the agreement. The alimony was modifiable as to amount, not as to term.
Paragraph 8 of that stipulated agreement is entitled "property settlement". That paragraph states that the wife is to receive a lump sum property settlement in the amount of $17,500 as "settlement in frill for her undivided one-half interest which she now has in real estate known as 1634-36 Chapel Street." The agreement called for the wife to quit claim her interest in that property to the husband and for him to assume liability for payment of the outstanding debts on the property. The agreement specifically recited the existence of a first and second mortgage, together with approximate amounts. Paragraph 8 of the agreement further provided that the payment to the wife would be secured by a mortgage lien against that property, and also a lien against any inheritance which the husband might receive. The provisions of the agreement advised that the property was in foreclosure, and in the event CT Page 9885 the property was foreclosed the husband's duty to pay the property settlement would not be extinguished. Finally, the lump sum property settlement was to be paid within four years of the date of the agreement, together with statutory interest unless the property was sold before that time, which sale would trigger payment of the lump sum property settlement.
The property was foreclosed by sale in 1994, under the case of CHFA v. Richard Andreucci, et al. No. CV 93 0349049, Judicial District of New Haven.
On November 3, and 4, 1997, this court (Stevens, J.) entered an order after hearing a motion for contempt that recited in part that "The court finds an arrearage of $17,500 plus accrued statutory interest on the property settlement under paragraph 8 of the parties' 3/10/93 stipulated agreement. Defendant is ordered to pay $50 bi-weekly or $100 per month towards this arrearage. Said payments to be effected by wage garnishment. In addition, defendant is ordered to make lump sum payments of no less than $10,000. The first $10,000 payment to be made by 3/31/98 and followed thereafter by $10,000 payments every year on or before 3/31 of each subsequent year until the $17,500 plus any accrued statutory interest on that amount is paid in full."
Immediately prior to the March 31, 1998 date that had been set by the court, the defendant Richard Andreucci filed a bankruptcy petition in the United States Bankruptcy Court, in New Haven. The defendant's Exhibit "A" indicates that the filing date of the original petition was March 2, 1998. In the original bankruptcy petition, the defendant listed on "Schedule E" a debt for child support or alimony in the amount of $2,100.00 owing to the Bureau of Support Enforcement Services of the State of Connecticut. In an amendment to the bankruptcy petition which was filed on May 8, 1998, the defendant lists a debt in the amount of $20,000 to the plaintiff Doreen Esposito, aka Doreen Andreucci. The debt is described as "property settlement any and all claims." The description contains an asterisk indicating that the debt is disputed. On June 24, 1998, a discharge of the debtor was granted by the United States Bankruptcy Court.
The plaintiff claims that the listing of the property settlement debt on the bankruptcy was invalid. First, she alleges she was not aware that the debt was ever listed because she did not receive notice of the filing. Secondly, because the debt was not properly represented, in that it was not listed as a debt relating to a divorce. Finally, the plaintiff alleges that the debt is secured, was not listed as such, and may not be dischargeable because it was mischaracterized. CT Page 9886
The court declines the plaintiff's invitation to review the procedural validity of the defendant's bankruptcy filing. While there is some authority which allows the court to determine the specific dischargeability of a debt,[1] those decisions do not extended authority to this court to undertake an analysis of the procedural compliance with the United States Bankruptcy Code. Accordingly, the plaintiff's claims that she did not receive notice, that notice was sent to an expired address, that the amount of the defendant's debts were misrepresented by overstatement, are not issues that this court is authorized to address. The issue which may be addressed by this court is whether the debt was m the nature of alimony, maintenance or support as contemplated by the provisions of the United States Bankruptcy Code, § 523(a)(5).
A similar issue has arisen in our courts in the matter of Lewis v.Lewis, 35 Conn. App. 622 (1994). In that matter, a debtor had moved to discharge an obligation arising out of a dissolution of marriage judgment. There had been an adversary bankruptcy proceeding which had been dismissed. Subsequently, in the context of a contempt proceeding in state court, the issue of the discharge was raised as a defense. The court concluded that those circumstances placed the issue properly before the trial court. The court stated that "a debtor's obligation to a former spouse or child is either discharged or not, pursuant to § 523 (a)(5), based upon the nature of that obligation regardless of whether or not the bankruptcy court has been asked to pass upon the issue. Id., at 626. The court found that the issue of dischargeability had been preserved.
Curiously however, footnote number 7 in the Lewis decision indicates that "the preservation of this question contrasts with the situation in which a debtor characterizes a debt to a former spouse as a dischargeable property settlement. If the creditor does not challenge that characterization in an adversary proceeding prior to this charge, the injunction invoked by discharge prevents a later determination of dischargeability. See Jones v. Jones, 38 B.R. 690, 691 (N.D. Ohio 1983). In this case, the defendant did not characterize the debt to his former spouse as dischargeable." Id., at 627 n. 7.
While Jones and Lewis appear to be inconsistent, two things are noteworthy. First, the Lewis decision indicates that the bankruptcy court referred the matter to the superior court for determination (Lewis v.Lewis, Id., at 624.) Additionally, both matters limit the inquiry to be made as to that of whether a debt is dischargeable under the applicable bankruptcy code. Neither decision, nor any authority cited by the plaintiff, suggests that the superior court can make a determination as to whether the notice provided in the bankruptcy proceeding was adequate, or CT Page 9887 whether the petition itself was invalid by some misrepresentation on behalf of the defendant. Even though the defendant appears to have overstated or at minimum misstated the amount and nature of his debt remaining on the mortgages securing the real estate which had been foreclosed, this court cannot invalidate the bankruptcy petition or orders.
That being decided, the analysis to be undertaken is one of whether the debt was dischargeable. To that end, the court in Lewis has indicated that the following factors should be taken into account: "(1) whether the obligation terminates on the death or remarriage of the debtor's spouse; (2) whether the payments appear to balance disparate income; (3) whether the payments are made to a third party or the ex-spouse; (4) whether the obligation terminates at the end of a specified event. . . .; and (5) what was the intent of the parties." Id., at 628.
These factors which were found applicable in that matter are equally applicable to the case at hand to determine whether the debt from Mr. Andreucci to Mrs. Andreucci was a property settlement or a debt in the nature of alimony, maintenance or support.
The court has reviewed the financial affidavits of the parties which were filed at the time of the March, 1993 stipulated agreement. In addition, the court has reviewed the wording of the entire agreement including the provisions as to child support, alimony, property settlement and personal property. The court finds that the debt does not terminate upon the death or remarriage of the debtor's spouse. The payment is not clearly intended to balance the disparate income of the parties. The obligation is clearly tied to a specific asset, that is the real estate known as 1634-1636 Chapel Street. The obligation is payable at a specific time, but does not terminate. There is a separate provision for alimony included in the agreement.
In light of the foregoing, the court concludes that the property settlement was indeed properly labeled and is not a debt in the nature of alimony, maintenance or support. The court will not rule on the alleged procedural defects of the bankruptcy filing, nor will it offer an opinion as to the parties' ability to initiate proceedings in the bankruptcy court as to the plaintiff's allegations.
While the court may be tempted to exercise it's equitable powers, that temptation must be tempered by the clear statement of the law.
The court finds that the defendant has no further obligation to the plaintiff under the terms of the property settlement portion of the stipulated agreement and judgment dated 1993. CT Page 9888
Antonio C. Robaina, Judge