**In re Delbert Leroy KAPING, aka Lee Kaping, Debtor.**

**Delbert Leroy KAPING, Plaintiff,**

**v.**

**STATE of Oregon, Defendant.**

**Bankruptcy No. 380–00424.
Adv. No. 81–0119.**

United States Bankruptcy Court, D. Oregon.

Aug. 5, 1981.

Edward E. Hill, Springfield, Or., for plaintiff.

Richard S. Mullen, Asst. Dist. Atty., for Lane County, Or., for defendant.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

At the commencement of the trial counsel presented to the court a pre-trial order which was then entered by the court. The facts material to a decision in this case were agreed to by the parties and are contained in the pre-trial order.

On March 5, 1980 the debtor filed herein his petition for relief under chapter 7 of 11 U.S.C. On April 25, 1980 the debtor was indicted by the Lane County Grand Jury on a charge of criminal non-support in violation of ORS 163.555. At that time the debtor was unaware of the indictment. At the time of the filing of the petition in bankruptcy the debtor was indebted to the State of Oregon in the sum of $16,581.08 by reason of an assignment of the claim of the debtor's former spouse for child support. On June 19, 1980 an order was entered by this court granting a discharge to the debtor. In June of 1980 the debtor learned of the indictment and was thereafter arraigned in the Circuit Court of the State of Oregon for Lane County on June 23, 1980. There is no evidence to indicate that the plaintiff has previously been charged or convicted of the crime of non-support.

The question presented by these facts is whether an order should be entered by the court permanently enjoining the State of Oregon from prosecuting the debtor upon the indictment rendered on April 25, 1980.

ORS 163.555 defines as a class C felony the refusal or neglect of a person, lawfully charged with the support of a child under 18 years of age, to provide support for such child without lawful excuse. ORS 161.605 provides a maximum sentence of five years upon conviction of a class C felony.

11 U.S.C. § 727(b) provides that a discharge in bankruptcy discharges the debtor from all debts that arose before the date of the order for relief (which, in a voluntary case is the date upon which the petition for relief was filed) except as provided in 11 U.S.C. § 523.

11 U.S.C. § 523(a)(5) provides that a discharge under § 727 does not discharge an individual debtor from any debt—

" * * * to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; * * *."

Counsel agree that by reason of the provisions of § 523(a)(5) the past due support owing by the debtor at the time of the filing of his petition in bankruptcy, which claim had been assigned to the State of Oregon, has been discharged and the debtor therefore has no further civil liability upon the claim.

In this case we are concerned with two well recognized principles of law.

In general a bankruptcy court has the power and obligation to effectuate its own lawful orders and to prevent circumscription of those orders. 11 U.S.C. § 105(a). Thus a bankruptcy court may take steps to protect the debtor from efforts of others to interfere with the debtor's rights provided by his discharge in bankruptcy. *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934); *Beneficial Loan Co. v. Noble*, 129 F.2d 425 (CA 10th 1942). The discharge itself contains an injunction to prevent creditors holding claims which have been discharged from taking further action to collect such claims. 11 U.S.C. § 524(a)(2). Violation of this injunction may result in, among other remedies, punishment for contempt. *In re Shelor*, 391 F.Supp. 384 (W.D.Vir.1975); 3 Collier on Bankruptcy 15th Ed., § 524.01.

On the other hand, the bankruptcy court does not generally issue orders which would interfere with the enforcement of the criminal law. 11 U.S.C. § 362(b)(1).

"The first exception is of criminal proceedings against the debtor. The bankruptcy laws are not a haven for criminal offenders, but are designed to give relief from financial over-extension. Thus, criminal actions and proceedings may proceed in spite of bankruptcy." House Report No. 95–595, 95th Cong., 1st Sess. (1977) 342–3; Senate Report No. 95–989, 95th Cong., 2nd Sess. (1978) 51–2, U.S. Code Cong. & Admin.News, 5787.

■ These two principles may come into conflict when a debt has arisen from criminal conduct and the debt has been discharged. In such circumstances it is necessary for the court to determine the motivation behind the criminal prosecution. If it appears that the criminal prosecution has been instituted primarily to vindicate the rights of the public by punishing criminal conduct and to discourage such criminal conduct by others, the bankruptcy court will usually not interfere with the criminal process. *In re Caldwell,* 5 B.R. 740, 6 BCD 892, 5 BRW 740 (Bkrtcy.W.D.Vir.1980). However, if it appears that the principal motivation is not punishment or prevention but to recover a dischargeable debt either by a negotiated compromise of the criminal charge or by obtaining of an order of restitution after conviction, the bankruptcy court may enjoin criminal prosecution. *In re Penny,* 414 F.Supp. 1113 (W.D.N.C.1976); *In re Caldwell,* supra; *In re James,* 10 B.R. 2, 2 CBC 2d 322 (Bkrtcy.W.D.N.C.1980); *In re Reid,* 9 B.R. 830, 4 CBC 2d 196 (Bkrtcy. M.D.Ala.1981).

In the present case the arguments of counsel are not particularly helpful in determining the motivation behind the criminal prosecution. As expected the district attorney argues that the case is brought to punish the defendant and to deter others from the commission of this crime. Also, as expected, the attorney for the debtor argues that the case is brought primarily to recover the discharged debt for past due support.

The only evidence presented to the court in addition to the admitted facts set forth in the pre-trial order was an exhibit consisting of twenty-nine orders of the Circuit Court of the State of Oregon for Lane County, being all of the sentencing orders entered by that court between the dates of July 14, 1980 and March 4, 1981.

Of these sentencing orders six represented cases which resulted from violation of a previous order of probation. In five of these six cases a sentence was imposed, the shortest being sixty days and the longest being five years. In the sixth case an order was entered extending the period of probation upon the same terms and conditions as the earlier probation without the imposition of jail time. In this latter case the terms of the earlier probation were not restated and therefore it cannot be determined upon the record presented to the bankruptcy court whether the probation included a requirement of repayment of past due support.

In one case the court ordered early termination of a previously ordered period of probation and imposed no sentence nor any requirement that past due support, if any, be repaid.

Of the remaining twenty-two cases, one case required the defendant as a condition of a period of probation to "pay support to the best of his ability in a manner directed by his probation officer, some amount to be received on a monthly basis." Upon the record presented to the bankruptcy court it is not possible to determine whether this condition was to apply only to support to become due in the future or was to apply to past due support as well.

■ In all of the remaining twenty-one cases the court ordered a period of probation one condition of which was to make payment upon the past due support. In only four of these last mentioned twenty-two cases did the court, in addition to the period of probation conditioned upon restitution, impose a sentence for time in jail. Two of the sentences were for twenty days in jail, one was for thirty days in jail and the fourth was for four months in jail. Thus in the twenty-two cases which did not involve a prior order of probation, all but one ordered restitution, the single exception

being the case in which it is not possible to determine whether restitution was ordered, and less than 20% resulted in imposition of any jail time. In those cases in which jail time was imposed, the sentence was for a relatively brief period of time considering that the statute authorizes sentences up to five years in length. From the sentencing orders in these twenty-two cases it clearly appears, as a practical matter, that sentences to time in jail are rarely imposed and that orders for restitution are almost invariably imposed. This court therefore concludes that the principal motivation behind prosecutions for criminal non-support is to obtain restitution and secondarily to obtain a period of probation to assure payment of future support as it becomes due. In the present case if the court enjoins the prosecution of the criminal charge presently pending against the debtor, this injunction will protect the debtor only in regard to his conduct prior to the filing of his petition in bankruptcy and will offer the defendant no protection from criminal prosecution for failure to comply with his duty of support subsequent to the date of the filing of his petition. Thus so far as support coming due in the future is concerned, the threat of criminal prosecution may have a similar effect upon the debtor's future conduct as would that part of a probation order requiring payment of future support.

While in the twenty-one cases in which it is clear that a condition of the probation was restitution of past due child support, only a few of the cases fixed a monthly sum to be paid upon past due child support, and none of the orders fixed a dollar sum to be paid upon future child support. Therefore if in any one of those twenty cases the defendant was brought before the trial court for failure to pay support becoming due after the probation order was entered, the same issues would be involved as would be involved in an original criminal prosecution. The principal issue in either a hearing upon whether the probation should be revoked and a sentence imposed or whether the defendant should be convicted of the crime of non-support would be a comparison between the amount of support paid by the defendant and his ability to pay.

For the above reasons the court concludes that an order should be entered herein permanently enjoining the State of Oregon from further prosecution of the pending criminal charge against the plaintiff.

This memorandum opinion shall constitute findings and conclusions under Bankruptcy Rule 752.