In the Matter of Ronald L. LARE, Debtor.

Ronald L. LARE, Appellant,

v.

John NORTON, Esquire, et al.

Civ. No. Y-82-3003.

United States District Court, D. Maryland.

Nov. 23, 1982.

Jack I. Hyatt, Baltimore, Md., for appellant.

Glenn W. Bell, Asst. Atty. Gen., of Md., Baltimore, Md., and Stephen W. Rosenbaum, Asst. Atty. Gen., Baltimore, Md., for appellee.

## MEMORANDUM OPINION AND ORDER

JOSEPH H. YOUNG, District Judge.

Ronald Lare appeals from a bankruptcy court's order, 23 B.R. 545, denying his request that John Norton, the State's Attorney for Dorchester County, Maryland, and Robert Ridgely, an investigator with the Maryland Home Improvement Commission, be enjoined from continuing criminal proceedings against Lare that are currently pending in Dorchester County. After a careful review of the briefs and supporting papers filed in this case and a hearing attended by counsel, this Court affirms the bankruptcy court's order.

### I.

On June 4, 1981, Lare entered into a home improvement contract with Mr. and Mrs. Vaughn Windsor whereby Lare agreed to perform certain repairs on the Windsor's house for $26,500. It is undisputed that Lare did not complete the repairs listed in the home improvement contract. On October 16, 1981, Lare petitioned for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. In his bankruptcy petition, Lare listed the Windsors as creditors. In May of this year, the Windsors instituted adversary proceedings in the bankruptcy court to determine whether the debt owed to them by Lare is dischargeable under the Bankruptcy Code. As of this date, the bankruptcy court has not yet made a determination on the debt owed to the Windsors.

On May 7, 1982, based on a sworn statement by Ridgely, an arrest warrant was issued for Lare charging him with acting as a contractor on the Windsors' residence without first obtaining a license to do so in violation of Md.Ann.Code Art. 27, § 255. Lare was arrested and subsequently released on $2500 bond and ordered to appear for trial in the District Court of Maryland for Dorchester County on July 9, 1982. Lare appeared at the state court as ordered and was informed that the charge against him was dismissed.* However, while still in the Dorchester County courthouse, Lare was re-arrested and charged with failure to obtain a contractor's license and failure to comply with the Maryland Home Improvement Commission's requirement that prime contractors pay their subcontractors and other workers in violation of Md.Ann.Code Art. 56, §§ 255(a) and 261(a)(14). The new charges against Lare were also based on a sworn statement by Ridgely. Lare was released on $5000 bond and ordered to appear for trial on November 22, 1982.

Alleging that the criminal proceedings against him were instituted for the purpose of collecting a dischargeable debt and not to vindicate the rights of the people of Maryland, Lare requested the bankruptcy court to enjoin those proceedings. Lare relies heavily on an affidavit submitted by Kenneth Abraham, Lare's former attorney, that Norton informed Abraham that Norton's "only concern and only purpose in prosecuting Mr. Lare was to recover restitution for the victims of the alleged offenses." Lare

---

* While the record does not so indicate, it is likely that the charge was dropped because of an error in the arrest warrant. *Cf.* Md.Ann.Code Art. 27, § 255 with Md.Ann.Code Art. 56, § 255.

also contends that since he is not now working as a contractor nor has he worked as a contractor for at least several months prior to the first arrest warrant, Maryland has no interest in prosecuting him for violation of the home improvement laws.

The bankruptcy court, in denying Lare's request for a preliminary injunction, found that the criminal proceedings against Lare were instituted to vindicate Maryland's legitimate interest in enforcing its home improvement laws. The bankruptcy court noted that, if found guilty of the charges against him, Lare could receive a fine up to $1000 and/or imprisonment up to six months. The court further noted that restitution is not mentioned as one of the criminal penalties for violation of the home improvement laws. The court discounted the significance of Abraham's affidavit because it found the "individual philosophy of any given prosecutor in any given case to be immaterial." Rather, the court found the affidavit of Thomas Hannon, Executive Director of the Maryland Home Improvement Commission, to be far more persuasive. Hannon indicated that it is the policy of the Commission to refer cases to states' attorneys for prosecution when, as in the instance case, the charges against the contractor are of a "serious nature." Hannon stated that, "The reason for such referral is to punish the individual suspected of performing a criminal activity and to deter others from similar conduct. The primary motivation in such referrals is not to obtain payment of a debt."

## II.

Despite 11 U.S.C. § 362(b)(1) which exempts criminal proceedings from the automatic stay provisions of the Bankruptcy Code, several bankruptcy courts have held that they have authority to enjoin state criminal proceedings against a bankruptcy petitioner. *In re Wagner,* 18 B.R. 339 (Bkrtcy.W.D.Mo.1982); *In re Whitaker,* 16 B.R. 917 (Bkrtcy.M.D.Tenn.1982); *In re Taylor,* 16 B.R. 323 (Bkrtcy.Md.1981); *In re Kaping,* 13 B.R. 621 (Bkrtcy.Or.1981); *In re Bray,* 12 B.R. 359 (Bkrtcy.M.D.Ala.1981); *In re Lake,* 11 B.R. 202 (Bkrtcy.S.D.Ohio 1981); *In re Reid,* 9 B.R. 830 (Bkrtcy.M.D.Ala. 1981); *In re Caldwell,* 5 B.R. 740 (Bkrtcy.W. D.Va.1980); *In re Barth,* 4 B.R. 141 (Bkrtcy. W.D.Mo.1980); *contra In re Trail West, Inc.,* 17 B.R. 330 (Bkrtcy.S.D.1982); *In re Davis,* 15 B.R. 442 (Bkrtcy.Del.1981); *In re C.H. Stuart, Inc.,* 12 B.R. 85 (Bkrtcy.W.D.N. Y.1981); *In re Button,* 8 B.R. 692 (Bkrtcy. W.D.N.Y.1981). In *Taylor,* 16 B.R. at 325–26, for example, the court, echoing the views of most of the other bankruptcy courts that have addressed the issue, held that under 11 U.S.C. § 105 bankruptcy courts may enjoin state criminal proceedings "[w]hen it is clear that the principal motivation [in prosecuting the bankruptcy petitioner] is neither punishment nor a sense of duty, but rather to obtain payment of a dischargeable debt." *See also Godfrey v. Evans,* 472 F.Supp. 364 (M.D.Ala.1979); *In re Penny,* 414 F.Supp. 1113 (W.D.N.C. 1976); *In re Herman Hassinger, Inc.,* 20 B.R. 517 (Bkrtcy.E.D.Pa.1982).

The "principal motivation" test adhered to by most of the bankruptcy courts is open to the criticism that it is contrary to the spirit, if not the precise holding, of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In *Younger,* the Supreme Court held that, absent a showing of bad faith, harassment or extraordinary circumstances, federal courts may not enjoin pending state criminal proceedings. Indeed, the Eleventh Circuit, in reversing a bankruptcy court's injunction of a state bad check prosecution, disapproved the "principal motivation" test because § 105 "gives a bankruptcy court no more authority to ignore the principles of *Younger v. Harris* than does the grant of general jurisdiction to a district court." *Barnette v. Evans,* 673 F.2d 1250, 1252 (11th Cir.1982). The Eleventh Circuit stated that:

> The basic error of the bankruptcy judge was to misjudge the width of his turf. The purpose of bankruptcy is to protect those in financial, not moral, difficulty. The bankruptcy courts were not created as a haven for criminals. There is a public interest in every good faith criminal proceeding ... which overrides

any interest the bankruptcy court may have in protecting the financial interests of debtors.

673 F.2d at 1251 (citations omitted); *accord Porter v. Gaston,* 462 F.Supp. 370 (E.D.Ark. 1978); *In re Cornmesser,* 1 B.R. 482 (Bkrtcy.E.D.Tenn.1978). Thus, *Barnette,* which is the only Circuit case on this issue, stands for the proposition that bankruptcy courts may not enjoin state criminal proceedings unless those proceedings are instituted in bad faith.

### III.

While this Court believes that the Eleventh Circuit's "bad faith" test is more in keeping with the principles of *Younger* than the "principal motivation" test, the Court need not decide which test to follow since the bankruptcy court's order denying Lare's request for an injunction passes muster under both tests.

The bankruptcy court's finding that the criminal proceedings against Lare were instituted to vindicate Maryland's legitimate interest in enforcing its Home Improvement Law is an explicit finding that the criminal proceedings against Lare were neither undertaken in bad faith nor principally motivated by the desire to obtain payment of a dischargeable debt. The bankruptcy court's finding may not be reversed unless it is clearly erroneous. *Melchiar v. Ost,* 661 F.2d 300, 303 (4th Cir.1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 1974, 72 L.Ed.2d 442 (1982). Based on the record as a whole, this Court cannot conclude that the bankruptcy court's finding was clearly erroneous. Indeed, the finding is well-supported by Hannon's affidavit, the fact that restitution is not one of the criminal penalties for violating the Home Improvement Law and Lare's counsel's concession at the hearing that his client may well be guilty of the charges against him.

Accordingly, for the reasons stated herein, it is this 23rd day of November, 1982, by the United States District Court for the District of Maryland, ORDERED:

That the judgment of the bankruptcy court BE, and the same IS, hereby AFFIRMED.