In the Matter of Crippen James TAY-
LOR and Doris Elaine Taylor.

Logan C. WIDDOWSON

v.

Crippen James TAYLOR.

Bankruptcy No. 81-2-0979.
Adv. No. 81-0465.
Civ. No. K-82-835.

United States District Court,
D. Maryland.

Sept. 25, 1984.

Stephen H. Sachs, Atty. Gen. of Mary-
land and Glenn W. Bell, Jr., Asst. Atty.
Gen. of Maryland, Baltimore, Md., for ap-
pellant.

Arthur D. Webster and Webster, Walsh
& Spery, Salisbury, Md., for appellee.

FRANK A. KAUFMAN, Chief Judge.

This is an appeal from an Order of the
Bankruptcy Court for the District of Mary-
land (Lebowitz, J.) filed December 31, 1981.
In that Order, the Bankruptcy Court per-
manently enjoined the State's Attorney for
Somerset County, Maryland from bringing
or continuing criminal proceedings against
appellee Taylor arising out of Taylor's al-
leged passing of bad checks and related
offenses. The question presented is wheth-
er the Bankruptcy Court erred in perma-
nently enjoining the prosecution of state
court criminal charges against a debtor
who has sought relief under Chapter 7 of
the Bankruptcy Code.

I

February 27, 1981 was the final day of
operation for Taylor's business. On that
day, Taylor issued paychecks to his employ-
ees. Many of those checks were dishon-
ored by the drawer bank. Eighteen of
those employees holding the dishonored
checks swore out statements of charges
causing criminal proceedings to be institut-
ed by the State of Maryland against Tay-
lor, charging him with violations of sec-
tions 141 and 342(e) of article 27 of the
Annotated Code of Maryland. Section 141
prohibits obtaining services by a bad check

and section 342(e) forbids obtaining services by deception.

On April 6, 1981, Taylor and his wife filed a Chapter 7 petition in the Bankruptcy Court. In addition to the usual protection from creditors, Taylor sought injunctive relief from the state criminal prosecution. The Bankruptcy Court, after holding a hearing, entered a preliminary injunction restraining the State's Attorney and the eighteen complainants from proceeding with the state criminal prosecution.

Taylor received a discharge under section 727 of the Code on November 16, 1981.[1] Thereafter, on December 31, 1981, the Bankruptcy Court entered the permanent injunction that is the subject of this appeal. *Taylor v. Widdowson*, 16 B.R. 323 (Bankruptcy D.Md.1981). In so doing, the court noted that in appropriate circumstances criminal proceedings may be enjoined on the basis of a bankruptcy court's broad powers under 11 U.S.C. § 105;[2] that when a state criminal prosecution has as its ultimate purpose the collection of a civil debt, a bankruptcy court can exercise its discretion to enjoin such prosecution;[3] and that a bankruptcy court may exercise subject matter jurisdiction under the Bankruptcy Code to determine whether a given criminal proceeding *has* been instituted as a method for the collection of a civil debt.

## II

Generally, a federal court has no power to enjoin a state court proceeding. The Anti-Injunction Act, 28 U.S.C. § 2283, provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

Section 105(a) of the Bankruptcy Code sets forth an expressly authorized exception to 28 U.S.C. § 2283. *See Davis v. Sheldon,* 691 F.2d 176, 177–8 (3d Cir.1982); *Accord,* S.Rep. No. 95–989, 95th Cong. 2d Sess. *reprinted in* 1978 U.S. Code Cong. & Ad. News 5787, 5815.

The proper circumstances in which a federal court may enjoin a state criminal prosecution are severely circumscribed by *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), in which the Supreme Court noted that the principles of "Our Federalism" and comity are major considerations in deciding whether courts of equity should interfere with criminal prosecutions. *Id.* at 44, 91 S.Ct. at 750. A statutory exception to the Anti-Injunction Act such as section 105(a), does not qualify the principles which limit a federal court when it is asked to enjoin a state court proceeding. *Davis v. Sheldon, supra* at 178; *Mitchum v. Foster,* 407 U.S. 225, 243, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 (1972). Except "in extraordinary circumstances", which do appear to be present in the within case, state criminal proceedings may be enjoined only when there is a showing of "bad faith" or "harassment" or the like. *Younger,* 401 U.S. at 53, 91 S.Ct. at 754.

In the instant case, the Bankruptcy Court wrote:

*Younger* does not mandate that this Court abdicate its statutory role merely because creditors may seek to subvert the Debtors rights under the Code through the guise of criminal proceedings.

16 B.R. at 326. In deciding that relief was required, the Bankruptcy Court explored the "principle motivation" test followed in the past by a number of courts. *See, e.g., In re Penny,* 414 F.Supp. 1113 (W.D.N.C. 1976); *In re Kaping,* 13 B.R. 621 (Bankruptcy D.Or.1981); *In re Lake,* 11 B.R. 202

---

1. During a hearing held in this Court in connection with this case, counsel for the appellant state's attorney informed this Court that Taylor had received complete discharge, and that there existed no bankruptcy plan.

2. "The bankruptcy court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. 105(a).

3. *See, e.g., In re Penny,* 414 F.Supp. 1113, 1115 (W.D.N.C.1976).

(Bankruptcy S.D.Ohio 1981). That test is applicable when it is clear that the principal motivation behind the criminal prosecution is neither punishment nor a sense of duty, but rather to obtain payment of a dischargeable debt either by an order of restitution or by compromise of the criminal charge upon payment of the civil obligation. *Taylor*, 16 B.R. at 326.[4] But that test does not supersede, and indeed, must conform to the restrictions of *Younger*.

In *Davis, supra* 691 F.2d 176, the debtors filed a Chapter 7 bankruptcy petition one day after criminal proceedings were initiated against them under Delaware's bad check statute. The debtors sought to have the bankruptcy court enjoin the state prosecution on the ground that the restitution requirement of the Delaware statute would interfere with the bankruptcy court's handling of the debtor's estate, contending that the creditors who had instituted the bad check complaints leading to the state prosecution were motivated "by a desire to collect on a dischargeable debt, rather than by a sense of public duty." *Id.* at 178.

Judge Balick, sitting in the bankruptcy court, refused to grant the injunction. Judge Stapleton, sitting in the district court affirmed. Affirming for the Third Circuit, Judge Adams held that absent the requisite bad faith showing of *Younger*, the bankruptcy court could not enjoin a valid state criminal prosecution, and wrote:

> We cannot require a prosecutor to conduct a searching inquiry into the public spirit of the victim of the crime [i.e., the one who made the complaint which started the bad check prosecution] before proceeding with what appears to be an otherwise valid criminal prosecution. Under these circumstances, the intentions of the complaining witnesses are not controlling

in judging the good faith of a criminal prosecution.

*Id.* at 179. In *Barnette v. Evans*, 673 F.2d 1250 (11th Cir.1982), the bankruptcy court had enjoined a state criminal prosecution against a debtor under the Alabama theft by deception statute. On appeal, the Eleventh Circuit reversed, Judge Roney observing that "11 USCA § 105(a) gives a bankruptcy court no more authority to ignore the principles of *Younger v. Harris* than does the grant of general jurisdiction to a district court." *Id.* at 1252. Judge Roney also wrote:

> The basic error of the bankruptcy judge was to misjudge the width of his turf. The purpose of bankruptcy is to protect those in financial, not moral, difficulty. The bankruptcy courts were not created as a haven for criminals. *See* H.R.Rep. No. 595, 95th Cong., 2d Sess., 343, *reprinted in* [1978] U.S. Code Cong. & Ad. News 5787, 5963, 6299. There is a public interest in every good faith criminal proceeding, especially on the presentment of a grand jury, which overrides any interest the bankruptcy court may have in protecting the financial interest of debtors.

*Id.* at 1251.[5]

In *Barnette*, the Eleventh Circuit cited to *United States v. Carson*, 669 F.2d 216 (5th Cir.1982) (Tjoflat, J.), in which the Fifth Circuit (prior to the creation of the Eleventh Circuit) held that a federal court may, as a condition of probation, require a federal criminal offender to make restitution to his victims for losses caused by the offense for which he was convicted, even though the debt occasioned by the offense had been discharged in bankruptcy.

In *Lare v. Norton*, 24 B.R. 959 (D.Md. 1982) (Young, J.), a Chapter 7 debtor

---

**4.** The Bankruptcy Court noted that the evidence pointed to the commercial objectives of the criminal sanctions. Most damaging was the apparent offer by the prosecutor's assistant to "drop" the charges were the debtor to pay his civil obligation to the 18 complainants. 16 B.R. at 327. Applying the motivation test to the evidence, Judge Lebowitz wrote that "the State's

Attorney is acting in part as a debt collection agency for complaining witnesses." *Id.*

**5.** In the instant case, the criminal proceeding was instituted without presentment by a grand jury. In *Barnette*, the court rejected the principal motivation test. That rejection would appear just as required in the absence of a grand jury's involvement as in its presence.

sought a preliminary injunction to restrain a Maryland criminal prosecution under Md. Code Ann. art. 27, § 255 for failure to pay subcontractors and other workers. Relying on evidence that the prosecution's purpose was to recover restitution for the victims, the debtor argued that such prosecution should be enjoined because its motivation was to collect a civil debt. The bankruptcy court's refusal to grant the requested injunction was affirmed by this Court. In so concluding, Judge Young wrote: "The 'principal motivation' test adhered to by most of the bankruptcy courts is open to the criticism that it is contrary to the spirit, if not the precise holding of *Younger v. Harris* ...." 24 B.R. at 961. Citing to *Barnette*, Judge Young observed:

> While this court believes that the Eleventh Circuit's "bad faith" test is more in keeping with the principles of *Younger* than the "principal motivation" test, the Court need not decide which test to follow since the bankruptcy court's order denying Lare's request for an injunction passes muster under both tests.

24 B.R. at 962.

■ Accordingly, the teachings of *Barnette, Davis,* and *Lare,* rejecting the principal motivation test—teachings which this Court believes to be sound, *see Mehler,* Bankruptcy II, 817, 833, Annual Survey of American Law, New York University School of Law (1983—require this Court to dissolve the injunction issued below by the Bankruptcy Court. An Order to that effect is today being entered by this Court.