**In re Eric John SALECKI, Debtor.**

**Eric John SALECKI, Plaintiff,**

v.

**COMMONWEALTH OF VIRGINIA and David A. Williams, Defendants.**

Bankruptcy No. 85–00024–NN.

Adv. No. 85–0066–NN.

United States Bankruptcy Court, E.D. Virginia, Newport News Division.

July 11, 1985.

John E. Robins, Jr., Hampton, Va., for plaintiff.

Reginald M. Harding, Hampton, Va., for defendant, Com. of Va.

A.W. Patrick, Hampton, Va., for defendant, David A. Williams.

MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter came before the Court on the Application for a Permanent Injunction by the debtor, Eric John Salecki, seeking to enjoin a certain criminal prosecution against the debtor in the City of Hampton, Virginia. The Commonwealth of Virginia, as defendant, filed an answer seeking dismissal of the plaintiff's complaint and a brief in support of the motion to dismiss. On May 31, 1985, the Court heard the evidence of the parties and the argument of

counsel. The Court took the matter under advisement and directed that the parties file briefs on the issues. Upon consideration of the briefs filed by the parties and the evidence adduced at the hearing, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

Eric John Salecki ("Salecki"), as the general contractor, subcontracted with David A. Williams ("Williams") for Williams to pour footings and to lay a cinder block foundation for a house to be built in Hampton, Virginia. The owners of the real estate had advanced to Salecki $15,000 to cover foundation work and framing. Between December 21 and 27, 1984 David Williams poured the footings and laid the cinder block foundation. Salecki paid Williams for digging and pouring the footings, but not for laying the cinder block foundation which included the cost of labor and materials purchased by Williams. Salecki on several occasions informed Williams he had not received money from the owners which covered the work performed by Williams. He promised to pay him on January 10, 1985. At that time Salecki owed Williams $7,120. Williams never completed the balance of his contract because he was not willing to do so if he was not paid for work done as well as the fact that the remainder of his work had to await framing which was not part of his contract.

After discussion with Salecki at Salecki's house on January 15, 1985 and also talking with Salecki's lawyer and being advised that Salecki was filing bankruptcy, Williams had no further personal confrontations with Salecki except on the following Easter Sunday. If any threats were made at that time which rise to a violation of the automatic stay imposed by § 362(a), that matter is not now before this Court. Williams did cause to be issued a civil warrant which was subsequently dismissed by him. Salecki filed a petition in bankruptcy on January 16, 1985. No complaint to determine the dischargeability of the debt has been filed by Williams.

Williams, after discussing the matter with Detective Paul C. Lester ("Lester") of the Hampton Police Department, appeared before a magistrate in the City of Hampton on January 16, 1985 and by sworn statement convinced the magistrate that probable cause existed to swear out a felony warrant of arrest against Salecki for an alleged violation of Virginia Code § 43–13 (Cum.Supp.1984).[1] The criminal warrant was issued by the City Magistrate on the sworn statement of Williams and on the request of Lester. The case was certified to the grand jury by the judge of the General District Court and an indictment was returned by it on April 1, 1985. The matter was set for trial on June 24, 1985 in the Circuit Court of the City of Hampton and has been continued by the Commonwealth of Virginia pending the decision by this Court. David Williams testified that

---

1. Va.Code § 43–13 (Cum.Supp.1984). Funds paid to general contractor, subcontractor, etc., must be used to pay persons performing labor or furnishing material.—Any contractor or subcontractor or any officer, director or employee of such contractor or subcontractor who shall, with intent to defraud, retain or use the funds, or any part thereof, paid by the owner or his agent, the contractor or lender to such contractor or by the owner or his agent, the contractor or lender to a subcontractor under any contract for the construction, removal, repair or improvement of any building or structure permanently annexed to the freehold, for any other purpose than to pay persons performing labor upon or furnishing material for such construction, repair, removal or improvement, shall be guilty of larceny in appropriating such funds for any other use while any amount for which the contractor or subcontractor may be liable or become liable under his contract for such labor or materials remains unpaid, and may be prosecuted upon complaint of any person or persons who have not been fully paid any amount due them.

The use by any such contractor or subcontractor or any officer, director or employee of such contractor or subcontractor of any moneys paid under the contract, before paying all amounts due or to become due for labor performed or material furnished for such building or structure, for any other purpose than paying such amounts, shall be prima facie evidence of intent to defraud. (1932, p. 483; Michie Code 1942, § 6429b; 1968, c. 568; 1980, c. 390; 1982, c. 391.)

he would want to see this case prosecuted even if he received payment and that his purpose for swearing out the warrant was to protect other contractors like himself who failed to get paid.

## CONCLUSIONS OF LAW

Section 43–13 of the Virginia Code is a criminal statute which makes a contractor guilty of larceny who with the intent to defraud, retains or uses funds paid by the owners for any purpose other than to pay persons performing labor upon or furnishing materials to the construction. The use of said funds before paying all amounts due shall be *prima facie* evidence of the intent to defraud. *Id.* Section 18.2–95 of the Code of Virginia[2] imposes a penalty for commission of grand larceny.

The operation of the stay created by 11 U.S.C. § 362(a) upon the filing of a petition in bankruptcy is subject to the exclusions contained in 11 U.S.C. § 362(b), which excludes *inter alia,* "the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b)(1). It is the debtor's contention that the purpose of this criminal action is to require restitution of a debt discharged by bankruptcy under the guise of enforcing the provisions of § 43–13. The debtor asserts that the Virginia state court may require him to make restitution to avoid the imposition of a criminal sentence provided for by § 18.2–95 and that Williams is participating in this criminal action for that purpose.

It must first be said that this Court cannot now know what the Virginia state court will do with respect to punishment should it find Salecki guilty of the charges. Restitution may be the farthest thing from the court or jury's mind and the statute is silent as to the effect of restitution on the sentencing. It may well be that the debtor will be found not guilty of the charges or if found guilty some punishment other than restitution may be imposed. Ample authority exists for this Court not to intercede at this juncture to impede the progress of a state criminal prosecution, *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), especially where the statute is not expressly formulated to enforce collection of a debt discharged in bankruptcy. Because Williams did not file a complaint to determine the dischargeability of this debt, it is not an issue before the Court. Williams stated that the action was precipitated because he wanted to protect all subcontractors who might be harmed in this manner and would have continued the criminal prosecution in Virginia state court whether or not he had been subsequently paid.

Assuming that the acts of the Commonwealth of Virginia were stayed by § 362(a), the discharge of Salecki has the effect of dissolving the automatic stay imposed thereby. 11 U.S.C. § 362(c)(2)(C).[3] However, the discharge provisions of 11 U.S.C. § 524 enjoin an act to collect any discharged debt as a personal liability of the debtor. 11 U.S.C. § 524(a)(2).[4] This state-

---

**2.** Va.Code § 18.2–95 (Repl.Vol. 1975). Grand larceny defined; how punished.—Any person who:

(1) Commits larceny from the person of another of money or other thing of value of five dollars or more, or

(2) Commits simple larceny not from the person of another of goods and chattels of the value of one hundred dollars or more, shall be deemed guilty of grand larceny which shall be punishable by confinement in the penitentiary for not less than one or more than twenty years or in the discretion of the jury, or judge sitting without a jury, be confined in jail for a period not exceeding twelve months or fined not more than one thousand dollars, either or both.

(Code 1950, § 18.1–100; 1960, c. 358; 1966, c. 247; 1975, cc. 14, 15, 603.)

**3.** 11 U.S.C. § 362(c)(2)(C).

(c) Except as provided in subsections (d), (e), and (f) of this section—

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, or 13 of this title, the time a discharge is granted or denied.

**4.** 11 U.S.C. § 524(a)(2). Effect of discharge.

(a) A discharge in a case under this title—

(2) operates as an injunction against the commencement or continuation of an action, the

ment presupposes that the Commonwealth of Virginia in fostering the criminal action intends to require only restitution by Salecki. As indicated, that matter has not been tried. Salecki may well prevail or, if not, the punishment provisions of § 18.2–95 may be applied. Nothing therein requires the state court to impose repayment as punishment for the wrongdoing.

The alleged wrongdoing here was not the type that a law enforcement agency would have made the preliminary contact. It was, instead, the alleged aggrieved party, Williams, who made oath before the magistrate after he had discussed the matter with Detective Lester. Williams' future participation in that case may well be only that of a witness for the Commonwealth.

The case most cited in interpretation of § 43–13 resulted in a fine and incarceration for a violation of these statutory provisions. No restitution was ordered and it was affirmed on appeal to the Virginia Supreme Court. *Overstreet v. Commonwealth*, 193 Va. 104, 67 S.E.2d 875 (1951). The court stated that "[t]he contractor is not punished because he owes the money; but for the reason that he, with intent to defraud, has retained or used the funds for some other purpose.... A prosecution, under the statute, does not affect the debt." *Id.* at 110, 67 S.E.2d at 879.

This Court in *In re Wise*, 25 B.R. 440, 442 (Bankr.E.D.Va.1982) adopted the "principal motivation" test enunciated in *In re*

*Taylor*, 16 B.R. 323 (Bankr.D.Md.1981) as follows:

The important inquiry is therefore a determination of what circumstances warrant an injunction under § 105 restraining a criminal prosecution against a Debtor. The nature of the moving force behind the institution of the criminal proceeding is the determinative factor. Prosecutions instituted primarily to vindicate the public welfare by punishing criminal conduct of the Debtor and to discourage similar conduct of others are not usually interferred with by Bankruptcy Courts. When it is clear that the principle motivation is neither punishment nor a sense of public duty, but rather to obtain payment of a dischargeable debt either by an order of restitution or by compromise of the criminal charge upon payment of the civil obligation, the Bankruptcy Court may properly enjoin the criminal proceeding.

*Taylor*, 16 B.R. at 325–26.[5]

As further stated in *In re Wise:*

Most of the cases in which injunctions have been granted involved the utterance of bad checks by debtors. In these cases the courts determined that the real motive behind the prosecution was the collection of prepetition debts and not the vindication of the public welfare.... Where restitution is the aim of the proceeding, the intent of Congress in enacting the federal bankruptcy laws is undermined by the coercion of payments

employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

**5.** The *Taylor* case was subsequently reversed by the District Court for the District of Maryland on appeal. *In re Taylor*, 44 B.R. 548 (D.Md. 1984). The district court reasoned that the "principal motivation" test relied on by most of the bankruptcy courts did not conform to the restrictions of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) which the district court found to require a showing of "bad faith," "harassment" or "extraordinary circumstances" before a federal court could enjoin a state criminal prosecution. Thus, the district court concluded that a mere showing by the plaintiff that the "principal motivation" of the

criminal action was the collection of a discharged debt was not sufficient to warrant an injunction absent a showing of bad faith, harassment or extraordinary circumstances. Assuming for purposes of this Court's decision here the correctness of the district court's opinion in *Taylor*, the Court is unable to find any bad faith, harassment or extraordinary circumstances to warrant the granting of an injunction under the limitations imposed by *Younger.* Moreover, as hereinafter discussed in the text, the plaintiff has also failed to carry his burden under *Wise* to show that the principal motivation of the criminal action was improper. Thus, under either criteria the Court is satisfied that circumstances do not exist which would permit this Court to grant the requested injunction.

through the use of criminal process and an injunction is necessary to protect the integrity of the bankruptcy court.

*Wise,* 25 B.R. at 442.

In this case the Court is unable to conclude that the Commonwealth is using a criminal proceeding to compel payment of a debt discharged in bankruptcy. The criminal warrant was issued January 16, 1985 at 11:51 a.m. which coincided with the date of the filing of the debtor's petition in this Court. Where the criminal action is instituted some time prior to the filing of the bankruptcy petition, a rational conclusion may be reached that its purpose was not to force collection of the debt. Where the criminal action is instituted at approximately the same time the rationalization is less clear and not as compelling, however, other attributes of this case enable this Court to reach its conclusion.

*Overstreet* succinctly states the purpose of the statute as being not for collection of the debt but punishment for the fraud. *Overstreet,* 193 Va. at 110, 67 S.E.2d at 879. The efforts engaged in by the Commonwealth relating to the enforcement of the statute, *i.e.,* the issuance of the criminal warrant by the magistrate, the arrest of Salecki, the preliminary hearing before the General District Judge, a certification to the grand jury, an indictment by it, and setting of a trial date buttress the Court's conclusion. Moreover, Williams' testimony indicates his desire to see the continued prosecution of the case in order to protect all subcontractors irrespective of whether he receives payment or not. Also to be noted is the vigorous defense of this action by the Commonwealth of Virginia. The additional fact exists that this Court cannot speculate on whether a conviction will result, and if a conviction should occur, what penalties other than incarceration or fine might be imposed. It is to be again noted that the criminal statute, § 18.2–95, only speaks of fine and/or imprisonment.

For these reasons this Court believes that the plaintiff's Application for a Permanent Injunction should be denied.

An appropriate Order will issue.