In re Delmar Ray BRATTEN a/k/a
Ray D. Bratten, Debtor.

Delmar Ray BRATTEN, Plaintiff,

v.

Paul A. SCIORTINO, Commonwealth Attorney for the City of Virginia Beach, Virginia, Burton Lumber Corporation, and Batchelder and Collins, Inc., Defendants.

Bankruptcy No. 83–00136–N.
Adv. No. 85–0628–N.

United States Bankruptcy Court,
E.D. Virginia.
Norfolk Division.

Dec. 3, 1985.

Alexander P. Smith, of Smith & Tolerton, P.C., Norfolk, Va., and Richard G. Brydges, of Brydges & Brydges, Virginia Beach, Va., for plaintiff.

Carole T. Frantz, Virginia Beach, Va., and Kathy K. Pritchard, of Commonwealth Attorney Office, for Paul A. Sciortino, Commonwealth Attorney for the City of Virginia Beach.

J. James Basgier, Jr., of Glasser & Glasser, Norfolk, Va., for Burton Lumber Corp.

Michael H. Nuckols, of Kaufman & Canoles, Norfolk, Va., for Batchelder & Collins, Inc.

### ORDER

HAL J. BONNEY, JR., Bankruptcy Judge.

This matter comes on for consideration upon the debtor's motion for temporary and permanent injunctions against state criminal proceedings brought on by the defendants in the Circuit Court of the City of Virginia Beach.

The debtor filed his Chapter 7 petition on February 3, 1983, and received his discharge on April 27 of that year. Administrative closing of the case occurred on January 31, 1985. During the course of the Chapter 7, objections to the dischargeability of debts were filed by Towne Distributors, Inc., Burton Lumber Corporation, and Batchelder and Collins, Inc. Upon a finding by the bankruptcy court that the Towne debt was dischargeable, the adversaries of Burton and Batchelder were voluntarily dismissed. It should be noted that in the complaints of both Burton Lumber and Batchelder and Collins violation of Virginia Code § 43–14 was plead. Subsequent to the adversaries' dismissal, Burton and Batchelder filed complaints in state court alleging that Bratten had violated Virginia Code §§ 43–14 and 18.2–95.[1] Bratten was

---

**1.** Virginia Code § 43–13 prohibits a contractor or subcontractor from retaining or using, with

indicted on larceny charges April 4, 1984. It is those proceedings Bratten seeks to enjoin.

The debtor argues that the initiation and prosecution of the alleged Virginia Code violations were in reality acts to collect or recover monies from a debtor prohibited by 11 U.S.C. 524(a)(2). The factual basis forwarded by Bratten is that both Burton Lumber Corporation and Batchelder and Collins, Inc., were listed in his bankruptcy schedules as creditors having claims of $8,533.16 and $5,243.01, respectively. Bratten received a discharge in bankruptcy which included those claims, the adversary proceedings having been voluntarily dismissed by both creditors. It is the debtor's position that the debts, once having been discharged in the bankruptcy proceedings under these factual circumstances, should not be revived in state court criminal proceedings.

Joint defendants in this injunctive action, Burton Lumber and Batchelder and Collins, contend that their motivation for initiating criminal proceedings against Bratten is one of public policy to insure compliance with the Virginia Code and to protect mechanics and materialmen from abuse by contractors. They are not rekindling their debt-collection efforts in a state forum after realizing only a percentage of their claims in the bankruptcy court.

Two lines of cases have arisen addressing this problem. *Wise v. Ritter et al.*, 25 B.R. 440 (E.D.Va.1982) follows long-standing case law which looks behind the filing of state criminal actions to the motive for bringing the prosecution. In *Wise*, a Chapter 13 case, a suspended sentence was conditioned upon payment of monthly installments on tax liability. The case was changed prepetition, according to the court, from an action upon tax liability to an action to revoke a suspended sentence for failure to comply with the court's order. Judge Shelley looked to the motive for filing the criminal action and found it to be vindication of the court's orders rather than a prohibited disguised debt collection. State prosecution was not enjoined where the prosecution concluded prepetition. In dicta, however, the court remarked that had the petition been filed before the criminal action, an injunction may have been proper.

Further illustration of this case line is *In re Penny*, 414 F.Supp. 1113 (D.N.C.1976), a Bankruptcy Act case which found a criminal sentence of six month's incarceration, suspended upon payment of the full amount of a debt to the benefit of particular creditors, to be a means for the creditors to realize 100% of the claim and avoid entirely the onus of bankruptcy. Accordingly, state criminal proceedings were enjoined.[2]

*Reid v. Young et al.*, 9 B.R. 830 (M.D.Al. 1981), was, as is the instant case, a grand larceny construction case where indictments issued postpetition. One of the pertinent factors in the court's enjoining criminal proceedings was that the same transactions which gave rise to the debts also formed the basis of the criminal action. The creditors were attempting to do through the state proceedings what they could not in the bankruptcy court. The court's ultimate reasoning, however, relied upon the debtor's payment of the debt through the Chapter 13 plan. The court found that justice would be better served

---

fraudulent intent, any funds received in his capacity as contractor for any purpose other than to pay laborers or materialmen under the construction contract. Use or retainage of those funds with the requisite intent is statutorily defined as larceny so long as amounts owed the laborers and materialmen remain unpaid. The unpaid individuals are given standing to file complaints and bring about prosecution. Use of the funds as described in the statute is prima facie evidence of intent to defraud.

Virginia Code § 18.2–95 defines larceny and establishes a maximum sentence for larceny at twelve months and/or $1,000. *Va.Code* 18.2–95 (1980).

2. See also *In re Kaping*, 13 B.R. 621, 8 B.C.D. 16 (D.Or.1981); in a criminal nonsupport case, an injunction issue where the purpose of state action was to collect a dischargeable debt rather than vindicate public rights.

by payment of the claim through the bankruptcy court.[3]

A second and more persuasive line of cases has its genesis in the Supreme Court case of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Under the principles of comity referred to by the *Younger* court and historically as "Our Federalism," federal courts may enjoin state proceedings only under limited circumstances. Mentioned in the majority opinion are instances expressly authorized by act of Congress, those in which injunction is necessary in aid of a court's jurisdiction or to effect or protect judgments, situations when an individual facing prosecution in state court can prove he will suffer irreparable damages, i.e. where "... the danger of irreparable loss is both great and immediate ...;" *Younger* at 45, 91 S.Ct. at 751; *Fenner v. Boykin,* 271 U.S. 240, 243–244, 46 S.Ct. 492, 493, 70 L.Ed. 927 (1926). Or, finally, where the threat to the plaintiff's federally-protected rights cannot be eliminated by his defense against a single criminal prosecution. *Younger,* 401 U.S., p. 46, 91 S.Ct. p. 751.

The bankruptcy court approach to *Younger* is typified by the appellate opinion *In re Taylor,* 16 B.R. 323, 8 B.C.D. 692 (D.Md.1981), REVERSED at, 44 B.R. 548, 12 B.C.D. 655 (D.C.Md.1984). In the original suit in bankruptcy court, a permanent injunction issued where the court found that the criminal prosecution served primarily as a debt-collection device. Prosecution was motivated, the court found, by a desire to recover prepetition debts. On appeal, the district court held that the state criminal proceedings could not be enjoined even where the motive was debt collection. That court, citing the principles of federalism from *Younger v. Harris* held that extraordinary circumstances, bad faith criminal prosecution or harrassment must be proved for an injunction to issue. No such factors were found. In accord with the

*Taylor* rationale are *Davis v. Sheldon,* 691 F.2d 176, 9 B.C.D. 1048 (3d Cir.1982); *In re Tenpins Bowling, Ltd.,* 10 B.C.D. 1245 (M.D.Ga.1983); *In re Richardello,* 28 B.R. 344, 10 B.C.D. 743 (D.Ma.1983); *In re Goree,* 45 B.R. 704, 12 B.C.D. 746 (W.D.Ky. 1985); 2 *Collier on Bankruptcy* (15th ed.) ¶ 105.02.

Although it is tempting to follow a debtor's reasoning that both the dischargeability proceedings and state court actions concern the same debts and transactions, that the motive for prosecution must be examined, and that an injunction must follow, this Court declines to do so. The debtor's rationale does not go far enough. When the state legislature expresses so great a concern for a problem that it makes commission on an act a crime, a civil court such as this, albeit a federal court, must give some degree of deference to that expressed policy. As the 11th Circuit court stated in *Barnette v. Evans,* 8 B.C.D. 1422, 1423; 673 F.2d 1250 (11th Cir.1982), "there is a public interest in every good faith criminal proceeding ... which overrides any interest the bankruptcy court may have in protecting the financial interest of Debtors." For an injunction to issue, extraordinary circumstances such as those outlined in *Younger* must be present. There is no "... great and immediate danger of irreparable harm ... federally protected rights"[4] (*Barnette* at 1422, 673 F.2d 1250), no bad faith prosecution.

Accordingly, this Court declines to enjoin the state court actions. Bratten's Motion for Temporary and Permanent Injunction is hereby denied.

IT IS SO ORDERED.

It is FURTHER ORDERED that a copy of this Order be forwarded to Alexander P. Smith, Esquire, Smith and Tolerton, P.C., Post Office Box 3646, Norfolk, Virginia 23514–3646 and Richard G. Brydges, Esquire, Brydges and Brydges, 1369 Laskin

---

3. Accord: *In re Caldwell,* 5 B.R. 740 (W.D.Va. 1980).

4. *U.S. v. Carson,* 669 F.2d 216 (5th Cir.1982), a case adopted by the *Barnette* court, held that

neither discharge of the debt nor the creditor's inability to realize protection in the bankruptcy court barred the state criminal court's requiring restitution.

Road, Virginia Beach, Virginia 23451, Attorneys for the plaintiff; Carole T. Frantz, Esquire and Kathy K. Pritchard, Esquire, c/o Commonwealth Attorney, Municipal Center, Virginia Beach, Virginia 23456–9002, Attorneys for Paul A. Sciortino; J. James Basgier, Jr., Esquire, 504 Plaza One Building, Norfolk, Virginia 23510, Attorney for Burton Lumber Corporation; Michael H. Nuckols, Esquire, P.O. Box 3037, Norfolk, Virginia 23514, Attorney for Batchelder and Collins, Inc.; Office of the U.S. Trustee, 200 Granby Mall, Norfolk, Virginia 23510, and to Delmar Ray Bratten, debtor.