**In re Michael Leonard STARR, Debtor.**

**Michael Leonard STARR, Plaintiff,**

**v.**

**COMMONWEALTH OF VIRGINIA and Mary E. Harrison, Defendant.**

**Bankruptcy No. 90–30081–T.**
**Adv. No. 90–3226–T.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Oct. 15, 1991.

John H. Maclin, IV, Petersburg, Va., for plaintiff.

William B. Bray, Chief Asst. Commonwealth's Atty., Petersburg, Va., for defendant.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Debtor/Plaintiff, Michael Starr, filed a complaint with this court to permanently enjoin the Commonwealth of Virginia from proceeding with a criminal prosecution now pending in the Circuit Court for the City of Petersburg.[1] The parties have submitted memoranda in support of their positions and have stipulated all relevant facts. For the reasons stated below, this court denies Starr's request for permanent injunction.

### Findings of Facts

Plaintiff Michael Starr was duly licensed by the Commonwealth of Virginia to operate and engage in a contracting and construction business. Pursuant to a contract between Starr and defendant Mary Harrison, Starr was to renovate the back porch of the Harrison residence.

On May 24, 1989, Harrison paid Starr, by check, the amount of $1,600.00 to furnish labor and supplies for the renovation. Starr ultimately cashed or otherwise negotiated this check. Likewise on this same day, Starr purchased supplies in the amount of $241.33.

Starr began to renovate Harrison's back porch but was then asked by Harrison to stop such work. Harrison later requested an employee of Starr to complete the project.

On June 30, 1989, Harrison filed a warrant in debt against Starr in the amount of $1,600.00 and was granted a judgment in the amount of $1,417.67 on July 27, 1989.

Starr filed a chapter 7 bankruptcy petition on January 16, 1990, listing the amount of $1,495.00 as an unsecured debt owed to Harrison. Harrison did not challenge the dischargeability of the debt, and on May 9, 1990, Starr received his discharge.

On August 8, 1990, Harrison swore out a felony warrant against Starr for the violation of Va.Code § 18.2–200.1.[2] A preliminary hearing was held on October 19, 1990, at which Harrison testified under oath that her sole objective for initiating the matter was to obtain an order of restitution. Following this hearing the criminal matter was certified to a grand jury. On November 15, 1990, the grand jury returned a true bill against Starr.

### Discussion And Conclusions

Title 11 U.S.C. § 727(b) states that a debtor is discharged "from all debts that arose before the date of the order for relief...." This statement embodies the basic policy underlying a chapter 7 case: that a debtor will emerge without personal liability, i.e., is given a "fresh start."[3]

To effectuate this policy, § 524(a)(2) provides in part that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or

---

1. The criminal trial in the Circuit Court has been stayed pending resolution of the issue now before this court.

2. Virginia Code Ann. § 18.2–200.1 (Michie 1991):
 If any person obtain from another an advance of money, merchandise or other thing, of value, with fraudulent intent, upon a promise to perform construction, removal, repair, or improvement of any building or structure permanently annexed to real property, or any other improvements to such real property, including horticulture, nursery, or forest products, and also fail or refuse to perform such promise, and also fail to substantially make good such advance, he shall be deemed guilty of the larceny of such money, merchandise or other thing if he fails to return such advance within fifteen days of a request to do so by certified mail, return receipt requested, to his last known address or to the address listed in the contract.

3. This of course is subject to the exceptions contained in § 523.

offset any such debt as a personal liability of the debtor...." Under this section, any efforts that will leave the debtor with a personal liability after the chapter 7 case are a clear contradiction to the policy underlying § 727. Such efforts are precisely those contemplated in § 524(a)(2) and therefore are permanently enjoined. *See, In re Mann,* 58 B.R. 953, 958 (Bankr.W.D.Va. 1986).

 In the present action, Starr argues that the Commonwealth seeks to compel payment of a discharged debt via an order of restitution and asks this court to interpret § 524(a)(2) to include the criminal charges levied against him, the effect of which would be to enjoin the Commonwealth from prosecuting him. Starr advances the principal motivation test as the proper analysis for this court to employ. The theory underlying this test is that if it can be shown that the principal motivation of the state is to collect a debt, the state is deemed to be acting in bad faith.[4] However, recent cases have rejected this test as not meeting the bad faith standard established in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).[5]

 In *Younger,* the Supreme Court articulated the circumstances under which a federal court may enjoin a state court proceeding. The Court established a three-part test. First, the state court action must be brought in bad faith or for harassment or under extraordinary circumstances. Second, the party requesting federal court intervention must stand to suffer a great and immediate irreparable harm to federally protected rights. Finally, this harm must be such that it cannot be eliminated by a defense against the criminal prosecution. *Younger v. Harris,* 401 U.S. at 46, 91 S.Ct. at 751.

In *In re Bratten,* 55 B.R. 577 (Bankr. E.D.Va.1985), the court found that a criminal prosecution for larceny was not a bad faith prosecution under *Younger,* even where the motive was debt collection. Judge Bonney recognized that "[w]hen the state legislature expresses so great a concern for a problem that it makes commission on [sic] an act a crime, a civil court such as this, albeit a federal court, must give some degree of deference to that expressed policy." *Id.,* at 579. Therefore, due deference must be given to the Commonwealth in seeking to enforce its penal laws.

Starr has failed to establish that he stands to suffer irreparable harm should the criminal case be allowed to proceed. Section 19.2–305.1 of the Virginia Code allows an order of restitution to be entered at or before the time of sentencing. Restitution under this section is not limited to the payment of a monetary amount; it could also be the performance of community service or a combination of partial payment and community service. Furthermore, such an order need not be entered at all. The sentencing court is given broad discretion as to whether it will order restitution in lieu of a suspended sentence. Therefore, there is an inherent uncertainty as to whether restitution will be ordered in the first instance, and if so, under what terms and conditions. Likewise, there is equal uncertainty regarding the necessary prerequisite for an order of restitution: a successful prosecution. In order to find irreparable injury this court would have to draw conclusions about future events, which it is not prepared to do. As Judge Shelley has stated, "[t]his court cannot speculate on whether a conviction will result, and if a conviction should occur, what penalties other than incarceration or fine

---

4. Under the principal motivation test, "[w]hen it is clear that the principal motivation is neither punishment nor a sense of public duty, but rather to obtain payment of a dischargeable debt either by an order of restitution or by compromise of the criminal charge upon payment of a civil obligation, the Bankruptcy Court may properly enjoin the criminal proceeding." *In re Taylor,* 16 B.R. 323 (Bankr.Md.1981), *rev'd*

*In re Taylor,* 44 B.R. 548 (D.C.Md.1984); *see e.g., In re Wise,* 25 B.R. 440 (Bankr.E.D.Va.1982); *In re Salecki,* 51 B.R. 364 (Bankr.E.D.Va.1985).

5. *See, e.g., Davis v. Sheldon,* 691 F.2d 176 (3rd Cir.1982); *In re Bratten,* 55 B.R. 577 (Bankr. E.D.Va.1985); *In re Taylor,* 44 B.R. 548 (D.C.Md. 1984).

might be imposed." *In re Salecki*, 51 B.R. 364, 368 (Bankr.E.D.Va.1985).

Finally, Starr will have the opportunity to contest any harm that would result from the criminal prosecution. As the Third circuit recognized in *Davis v. Sheldon*, "[i]f an order of restitution is ultimately issued ..., it will be appealable." 691 F.2d 176, 179 (3d Cir.1982).

Under the principles established in *Younger v. Harris*, this court must reject Starr's claim.

A separate order will be entered denying Starr's request for injunction.