**In re Ronald L. LARE, Debtor.**

**Ronald L. LARE, Debtor, Plaintiff,**

**v.**

**John NORTON, Esq. State's Attorney for Dorchester County and Robert Ridgely, Investigator Division of Investigative Services, Defendants.**

**Bankruptcy No. 81-2-2746.**
**Adv. No. 82-1183B.**

United States Bankruptcy Court,
D. Maryland.

Aug. 30, 1982.

Jack I. Hyatt, Baltimore, Md., for plaintiff-debtor.

Glenn W. Bell, Jr., and Stephen Rosenbaum, Asst. Attys. Gen., Baltimore, Md., for defendants.

## MEMORANDUM OPINION AND ORDER DENYING PRELIMINARY INJUNCTION

JAMES F. SCHNEIDER, Bankruptcy Judge.

This matter came on for hearing on August 23, 1982 before the United States Bankruptcy Court for the District of Maryland sitting at Baltimore, upon the debtor's Motion for Temporary Restraining Order. The Motion has been treated as a request for a preliminary injunction. The relief will be denied.

The debtor, Ronald L. Lare, seeks to enjoin a criminal prosecution against him for failing to obtain a contractor's license from the Maryland Home Improvement Commission ["Commission"] before undertaking to perform work on the home of a Mr. and Mrs. Vaughn Windsor, in violation of Md. Code Ann. Art. 56, § 255(a) (1979 Repl. Vol.), and for failing to comply with a requirement of the Commission, namely the duty of a prime contractor to pay subcontractors and workers, in violation of Md. Code Ann. Art. 56, § 261(a)(14) (1979 Repl. Vol.). Mr. Lare contends that this Court ought to grant him an injunction on the same basis that it granted an injunction in the case of *In re Taylor,* 16 B.R. 323 (Lebowitz, Bkrtcy.D.Md.1981).

*Taylor* concerned a debtor who allegedly issued bad payroll checks to his former employees, who subsequently swore out warrants against him. This Court enjoined the criminal prosecution of Mr. Taylor because it found that the motive behind it was the recovery of payments by the individual victims rather than the vindication of the rights of the citizenry at large.[1] *Taylor* and the instant case are both factually and legally distinguishable.

Here, the debtor is being prosecuted on criminal charges brought by the Division of Investigative Services of the Office of the Attorney General of Maryland on behalf of the Maryland Home Improvement Commission, as an incident to its enforcement of its police and regulatory powers.[2] The State has a legitimate interest in enforcing its regulation of licenses to home improvement contractors for the protection of the public, pursuant to Md.Code Ann. Art. 56, § 251 (1979 Repl.Vol.). *See Harry Berenter, Inc. v. Berman,* 258 Md. 290, 265 A.2d 759 (1970).

---

1. In so doing, Judge Lebowitz fashioned an exception to 11 U.S.C. § 362(b)(1) which provides that the filing of a petition in bankruptcy "does not operate as a stay of the commencement or continuation of a criminal action or proceeding against the debtor[.]"

2. It is to be noted 11 U.S.C. § 362(b)(4) excepts from the effect of the stay "... the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power[.]"

■ The criminal penalties to which Mr. Lare may be subjected include a fine of $1,000.00 or a maximum term of imprisonment of six months. Md.Code Ann. Art. 56, § 268 (1979 Repl.Vol.). He may also be denied a license as a home improvement contractor. Md.Code Ann. Art. 56, § 258. [A provision authorizing the Commission to seek restitution, order completion of work, or enjoin further violations of the statute are civil remedies not contemplated in the context of the criminal prosecution which this Court has been asked to enjoin. *See* Md.Code Ann. Art. 56, § 259 (1979 Repl. Vol.).]

The debtor has pointed to an affidavit prepared by Kenneth R. Abraham, his attorney in the criminal case, to show that the Assistant State's Attorney is prosecuting his case for the sole purpose of recovering restitution on behalf of the Windsors. The Court discounts the weight of this evidence because it finds the individual philosophy of any given prosecutor in any given case to be immaterial. It is clear from the evidence that the motivation of the Commission in bringing these charges was the vindication of "the public welfare by punishing criminal conduct of the Debtor and to discourage similar conduct of others." *Taylor, supra* at 326.[3]

Should new evidence of an ulterior motive of the State in prosecuting Mr. Lare come to light so as to justify this Court in changing its mind, it will be appropriate at that time to consider a request for a permanent injunction. Under the circumstances as they now exist, this Court declines to extend the *Taylor* doctrine to the instant controversy, where it appears that the State's motivation in prosecuting the debtor is the enforcement of its police and regulatory powers and the legitimate vindication of the public welfare. Now, therefore, it is this 30th day of August, 1982,

ORDERED that the prayer of Ronald L. Lare, the debtor herein, for the issuance of a preliminary injunction against the defendants be and the same is hereby DENIED.

---

**3.** The Affidavit of Thomas R. Hannon, Executive Director of the Maryland Home Improvement Commission, introduced by the State at the hearing, contains the following statements: "The Commission also refers certain violations to the State's Attorney for prosecution pursuant to Article 56, Sections 267–268. The reason for such referral is to punish the individual suspected of performing a criminal activity and to deter others from similar conduct. The primary motivation in such referrals is not to obtain payment of a debt."